291 So.2d 61 (1974)
In the Interest of E.A.S., a Juvenile, Appellant,
v.
STATE of Florida, Appellee.
No. T-178.
District Court of Appeal of Florida, First District.
March 8, 1974.
*62 Louis O. Frost, Jr., Public Defender; and James O. Brecher, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Richard W. Prospect, Asst. Atty. Gen., for appellee.
JOHNSON, Judge.
This is an appeal from an order of the Circuit Court of Duval County, Florida, Juvenile Division, in which the appellant herein, a fifteen-year old girl, was adjudged delinquent based upon testimony in support of a petition filed by an assistant state attorney in which the appellant was alleged to have been a "delinquent child" in that she had wilfully resisted, obstructed, and opposed two police officers in executing process and lawful execution of a legal duty, to wit: to arrest said appellant upon a charge of assault and battery upon said police officers, and from the denial of a motion for a new trial.
This Court has carefully read and reviewed the record on appeal, briefs and oral argument, and we are astonished to find that the two police officers would have loaned their support in charging this child with assault and battery, much less with resisting arrest. There was no evidence produced from which a legal arrest could have been justified. The child was in her own room in a closet in her mother's home or at least where the mother and appellant's sister and brothers were living. The officers testified that the child was in a closet and not doing anything, except that she refused to come out and talk to the police officers. She was not violating any law nor had the officers been advised of any violation of law. The testimony from one officer was that the child tried to kick him when he tried to drag her from the closet, but that she never touched him. The other officer testified that the child did kick and scratch and bite his fellow officer, which testimony was contrary to what the first officer testified to. Nowhere was there testimony that the child was arrested or for what. The child did resist the officers in their efforts to remove her from her room and in being forced into the police car. This is the resist that is used in the petition before the Court. The total evidence of value was as outlined supra. The evidence so given made it clear that there was no justified cause for arrest; that no arrest was in fact made, as testified to by both officers; that the only thing the child did upon which they could have adjudged the child delinquent was the fact that the child did not want the officers to take her from her room. This was not enough to sustain the petition. In fact, the testimony refuted the petition when viewed in its totality. The trial court should have reprimanded the police officers instead of adjudging the child a delinquent.
*63 The order appealed from is hereby reversed with directions that custody of the appellant under that order be forthwith terminated.
So far as the record before us shows, the appellant has been in the Juvenile Court Detention Unit for almost a year, and we have no way of knowing what the living conditions with the appellant's mother might be. We do not therefore determine whether or not the child might possibly be adjudicated a dependent child as distinguished from a delinquent child. That issue is not before us but we are anxious that the welfare of the child be protected.
Reversed with directions.
BOYER, J., specially concurs.
SPECTOR, Acting C.J., dissents.
BOYER, Judge (specially concurring).
I concur in the reversal. It is obvious that one cannot be guilty of resisting arrest when there was no arrest to resist; therefore, a fortiori, there could be no basis for arresting the appellant for "resisting arrest" when there had been no arrest nor attempt to arrest. However, I cannot concur in the criticism of the police officers. I feel that they properly responded to the call by the child's mother and that they were within the bonds of their duties and responsibilities in attempting to induce the child to leave the closet and her room. Failing, however, in those laudable endeavors they should not have physically arrested her and forced her into the police car in the absence of a proper charge; and, as stated above, a charge of resisting an arrest which had not been either attempted or accomplished was not a proper charge. Although I feel the officers were properly discharging their duties in responding to the mother's plea, upon being unable to induce voluntary cooperation from the appellant, and there being no legal cause for arrest, they were relegated to only making an appropriate report to the juvenile division.
SPECTOR, Judge (dissenting):
I respectfully dissent from the majority opinion herein.
In my view, a fifteen-year-old child who kicks, scratches and bites a police officer when he is attempting to assist the child's mother in asserting her personal responsibility to control the child can for such conduct be adjudicated a delinquent.
I would affirm the judgment reviewed herein.